IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HENRY G. MOREMAN, IV, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO: |
| vs. ) | CV-25 |
| ) | JURY DEMAND |
| ) | |
| AUBURN UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

**I.  INTRODUCTION**

1.  This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991," 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII") and 42 U.S.C. §1981, that provide for relief against discrimination in employment on the basis of race. Plaintiff seeks compensatory and punitive damages pursuant to 42 U.S.C. §2000e *et seq.*

2. Plaintiff also brings this action for injunctive relief, potential future pay and benefits, and other damages, including liquidated damages for violations of The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*.

## II.  JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.,* 42 U.S.C. §1981 and the Act of Congress known as "the Age Discrimination in Employment Act," 29 U.S.C. §621 *et. seq.*  The jurisdiction of this Court is invoked to secure protection of, and redress deprivation of rights secured by 29 U.S.C. §621 *et. seq.* providing for injunctive and other relief against age discrimination and 42 U.S.C. §2000e *et seq*. and 42 U.S.C. §1981 providing for injunctive and other relief against race discrimination.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§1331, 1343(4); 28 U.S.C. §§ 2201 and 2202; and 42 U.S.C. 2000e-5(f)(3).

5. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Age Discrimination in Employment Act, 29 U.S.C., §621 *et. seq.*  Specifically, Plaintiff timely filed his charge of discrimination within 180 days of the last discriminatory act. (*See* Exhibit

A).  Plaintiff timely filed his claim of age and race discrimination within 90 days of the receipt of his Determination and Notice of Rights dated November 15, 2024, from the Equal Employment Opportunity Commission (*See* Exhibit B).

6. The unlawful employment practices alleged herein below were committed by Defendant within Lee County, Auburn, Alabama in the State of Alabama.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(g).

### III.    PARTIES

7. Plaintiff, Henry G. Moreman, IV, is a Caucasian male citizen of the United States and a resident of the State of Alabama and is over the age of forty (40) years (year of birth: 1976).  At all times relevant to this action, Plaintiff has been employed with Defendant at its Auburn, Lee County, Alabama location.

8. Defendant, Auburn University, is an employer within the meaning of 42 U.S.C. §2000e(a)(b) and is subject to suit under 28 U.S.C. §§1331, 1343(4), Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.,* 42 U.S.C. §1981 and the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*.  At all times relevant to this action, Defendant has employed at least fifteen (15) or more employees.

## IV.   STATEMENT OF FACTS

9. Plaintiff has been employed with Defendant for 6 ½ years. Plaintiff began his employment with Defendant on April 9, 2018.

10. Plaintiff's position at the time of his discriminatory Corrective Action Report, which resulted in his demotion was Manager, Maintenance, In-House Construction.

11. On November 5, 2024, Plaintiff was issued a Final Written Reprimand for "being found responsible for violating the Policy Against Age Discrimination & Harassment, Section II." Plaintiff was also accused of race discrimination; however, Defendant did not find against him on that allegation. Plaintiff was charged with this alleged violation by a 26-year old African-American employee (Ja'Von Dixon), who was under Plaintiff's direct supervision. Plaintiff exercised his rights and filed appeals within the University's internal process; however, all were denied.

12. Plaintiff was found to have violated The Age Discrimination in Employment Act of 1976 (ADEA) by not providing guidance, evaluations, paperwork, etc. to the subordinate under his supervision regarding that individual's desire to be promoted. Whereas Plaintiff categorically denies said allegations, the person that allegedly made the complaint against the plaintiff is under the age of 40, specifically he is 26 years old. The ADEA specifically prohibits discrimination by covered employers based on age 40 and over. In addition, Plaintiff did not have the

sole authority to promote Mr. Dixon, even if Mr. Dixon would have been qualified for said promotion(s).

13.     When Plaintiff appealed the Defendant's decision regarding its interpretation of the ADEA, i.e., allowing a 26-year old to file a claim of age discrimination, Defendant further stated that it was "Auburn's prerogative" to interpret the ADEA as it wishes.  In other words, ignoring the language and content of the Age Discrimination in Employment Act. The ADEA does not cover individuals under the age of 40.  Therefore, Plaintiff could not have treated an individual differently because of his age (26) due to age discrimination in violation of the ADEA.  Defendant did not have jurisdiction to even investigate the charge of discrimination.

14.     During Defendant's investigation, Defendant did not interview all of Plaintiff's witnesses and did not take into account any of his rebuttal to the individual's accusations against him.  Defendant's reason/excuse for not interviewing Plaintiff's additional witnesses was that they would be giving cumulative information.  Defendant had no way of knowing that the information would be cumulative without interviewing said witnesses.

15.     With regards to the individual's complaints against Plaintiff, Mr. Dixon had not been employed long enough and was not qualified for any promotion at the time of his complaints against Plaintiff.  Additionally, the individual had not been

operating in the field long enough to have enough experience to be qualified for any promotion.

16. Plaintiff's Corrective Acton Report/Final Written Reprimand issued on November 5, 2024, demoted him from his position of Facilities Project Manager IV to "a more suitable role within Facilities Management that does not involve or require supervision of other employees." Furthermore, Plaintiff will not be eligible for any job with supervisory capacity or authority for a period of five (5) years or until November 5, 2029. This demotion and restriction to any position with supervisory capacity and authority greatly affects Plaintiff's future chance of promotion, future earnings, benefits as well as his retirement.

17. Defendant acted willfully and/or with reckless disregard for Plaintiff's federally protected rights.

18. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for future pay, injunctive and declaratory judgment. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

V. **CAUSES OF ACTION**

### FIRST CAUSE OF ACTION: RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §1981 & TITLE VII

19. Plaintiff re-alleges and incorporates by reference paragraph 1-18 above

with the same force and effect as if fully set out in specific detail hereinbelow.

20. Plaintiff brings this claim for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991, and 42 U.S.C. §1981.

21. Plaintiff is a Caucasian male.

22. Based on the totality of the facts presented above in paragraphs 9-18, Plaintiff has been discriminated against because of his race in his discipline/demotion. These facts include, but are not limited to, the falsity of Defendant's reason(s) for Plaintiff's discipline/demotion, and evidence of preferential treatment given to African-American employees.

23. Defendant's proffered reasons for said discipline/demotion were pretext for race discrimination.

24. As a result of this discriminatory treatment, Plaintiff has suffered damages in the form of denial of promotions for five (5) years, future earnings, benefits, and his retirement, emotional distress, and other compensatory damages.

25. Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

26. Plaintiff seeks to redress the wrongs alleged herein and this suit for future pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's

unlawful policies and practices as set forth herein unless enjoined by this Court.

## SECOND CAUSE OF ACTION: AGE DISCRIMINATION PURSUANT TO THE ADEA

27.Plaintiff re-alleges and incorporates by reference paragraph 1-26 above with the same force and effect as if fully set out in specific detail hereinbelow.

28.Plaintiff brings this claim for age discrimination pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*.

29.Plaintiff is over the age of forty.

30.These facts include, but are not limited to, statements made by management and decision makers regarding Plaintiff's employment, the falsity of Defendant's reason(s) for Plaintiff's discipline/demotion, and evidence of preferential treatment given to younger employees.

31.Defendant's proffered reasons for Plaintiff's discipline/demotion were pretext for age discrimination.

32.As a result of this discriminatory treatment, Plaintiff has suffered damages in the form of denial of promotions for five (5) years, future earnings, benefits, and his retirement, emotional distress, and other compensatory and liquidated damages.

33.Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

34.Plaintiff seeks to redress the wrongs alleged herein and this suit for

future pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI.     **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assumes jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of Defendant are violative of the rights of Plaintiff as secured by 42 U.S.C. §2000e, *et seq.* and as secured under the Age Discrimination and Employment Act, 29 U.S.C. §621 *et. seq.*

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate the Age Discrimination in Employment Act, 29 U.S.C. §621*, et seq*. and a permanent injunction for continuing to violate 42 U.S.C. §2000e, *et seq.* and 42 U.S.C. §1981.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding him the position he would have occupied in the absence of age and race discrimination, lost seniority, lost benefits, compensatory, punitive damages and

liquidated damages. In addition, Plaintiff is seeking the lack of supervisory role sanction removed from his file along with the Final Written Warning.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF HEREBY DEMANDS TRIAL BY A JURY
ON ALL CLAIMS TRIABLE TO A JURY**

Respectfully submitted,

/s/ **Gregory O. Wiggins**
Gregory O. Wiggins
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
gwiggins@wigginschilds.com

**DEFENDANT'S ADDRESS:**
To Be Served Via Certified Mail
    Auburn University
    182 S. College Street
    101 Samford Hall
    Auburn, Alabama 36840-5147