**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **HENRY G. MOREMAN, IV,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | **3:25-cv-00113-SMD** |
| | ) | |
| **AUBURN UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order dated March 19, 2025 (Doc. 11), a meeting was held and attended by:

- Gregory O. Wiggins on behalf of **Plaintiff Henry G. Moreman, IV** ("Plaintiff").
- Douglas B. Kauffman on behalf of **Defendant Auburn University** ("Defendant").

1.   **Pre-Discovery Disclosures**.   The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) on or before **May 23, 2025**, and the information can be exchanged electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

2.   **Discovery Plan**.   The parties jointly propose to the Court the following discovery plan:

The likely subjects of discovery are: All matters addressed in the parties' pleadings, including Plaintiff's allegations and Defendants' defenses, including but not limited to: Plaintiff's employment, performance, obligations, and responsibilities; Plaintiff's previous and subsequent employment history; Defendants' employment policies, practices, and procedures; and any alleged damages.

(a)   All discovery commenced in time to be completed by **May 20, 2026.**

(b)    Maximum of **25** interrogatories by each party to each party. Responses are due 30 days after service.

(c)    Maximum of **25** requests for admission by each party to each party. Responses are due 30 days after service.

(d)    Maximum of **25** requests for production of document by each party to each party. Responses are due 30 days after service.

(e)    Maximum of **7** depositions by each party. Depositions are limited to **7 hours** of actual testimony time, with the exception of expert depositions, which will be limited to **7 hours** of actual testimony time.

(f)    Reports from retained experts under Rule 26(a)(2) due:

From Plaintiff by **March 20, 2026;** and

From Defendants by **April 20, 2026.**

(g)    Supplementation under Rule 26(e) due reasonably upon knowledge of additional information.

3.    **Other Items.**

(a)    The parties do not request a conference with the Court before entry of the scheduling order.

(b)    The parties request a pretrial conference on or around **October 19, 2026**.

(c)    Amendments to pleadings:

Plaintiff should be allowed until **May 28, 2025** to join additional parties and to amend the pleadings.

Defendants should be allowed until **June 11, 2025** to join additional parties and to amend the pleadings.

(d)    All potentially dispositive motions should be filed on or before **June 19, 2026.**

(e)    Final lists of trial evidence under Federal Rule of Civil Procedure 26(a)(3), both witnesses and exhibits, should be due from the parties on

or before **November 2, 2026.**

(f)     Parties should have **14 days** after service of final lists of trial evidence to list objections under Rule 26(a)(3).

(g)     Electronically stored information: The parties have agreed to work together to facilitate the discovery of electronically stored information. It is anticipated that the discoverable documents are not electronically stored but are in hard copy. However, to the extent any relevant electronically stored documents exist, the parties are aware of their duty to preserve such documents. Disclosure or discovery of electronically stored information should be handled as follows: Upon receipt of discovery requests, the responding party will notify the requesting party as soon as possible as to any issues relating to the disclosure or discovery of electronically stored information and the parties will work in good faith to resolve the issues. The parties further agree that if the issue of producing privileged materials prevents a party from receiving requested electronic discovery, the parties will work together in good faith to develop a plan addressing the producing party's privilege concerns and the disclosure of relevant and responsive information.

(h)     Clawback Agreement: The parties agree that documents or other discovery materials that are produced and contain privilege information or attorney work product shall be immediately returned to the original sender if the documents or materials appear on their face to have been inadvertently produced. Furthermore, the production of any document or other discovery material by a party shall be without prejudice to any claim that the material is privileged or protected from discovery as work product under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and no party shall be held to have waived any rights of privilege or work product by such production. A party who produces material or information without intending to waive a claim of privilege does not waive that claim under the Federal Rules of Civil Procedure or the Federal Rules of Evidence if within thirty (30) days after the producing party actually discovers that such production was made the producing party notifies the other party in writing identifying the material or information produced and stating the privilege asserted. Upon receipt of the timely notification, the receiving party must promptly return the specified material or information and any copies pending any ruling by the Court denying the privilege. If the producing party complies with the requirements of this provision, any inadvertent

disclosure described above will not act as a waiver of privilege or protection in this case or in any other federal or state proceeding. This Order will be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and nothing herein shall be construed as limiting the applicability or substantive provisions of Federal Rule of Evidence 502.

(i)     The parties agree to electronic service of discovery.

(j)     The case should be ready for trial by this Court's **December 14, 2026**[1] trial term.  At this time, the trial is expected to take approximately **3 days**, excluding jury selection.

(k)     The parties will provide notice prior to issuing a subpoena and allow the non-issuing party five business day to object to the subpoena prior to the subpoena being issued.  If an objection is submitted to the issuing party, the parties will meet and confer prior to involving the court in the matter.  If the objections are not resolved during the parties' meet and confer, the objecting party will have three business days to file a motion with the court.


                                        */s/* Douglas B. Kauffman
                                        One of the Attorneys for the Defendant


Date: March 31, 2025

David R. Boyd
dboyd@balch.com
Alyssa M. Cook
amcook@balch.com
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101-0078

---

[1] The parties understand that this trial term is beyond the time limit that is normally included in Scheduling Orders.  However, plaintiff's counsel is having two significant surgeries with recover times, and therefore, the parties believe additional time is needed.

Douglas B. Kauffman
dkauffman@balch.com
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100


                                        /s/ Gregory O. Wiggins
                                        Attorney for Plaintiff


Gregory O. Wiggins
Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203